L. Kristopher Rath, Esq. (5749)
Jacob A. Reynolds, Esa. (10199)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada  89145
Telephone:  (702) 385-2500
Facsimile:   (702) 385-2086
Email: krath@hutchlegal.com
Email: jreynolds@hutchlegal.com

Michael McNamee (Admitted Pro Hac Vice)
Charles Spevacek (Admitted Pro Hac Vice)
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, Minnesota  55402
Telephone:  (612) 338-0661
Facsimile:   (612) 338-8384
Email: mmcnamee@meagher.com
Email: cspevacek@meagher.com

*Attorneys for Plaintiff*
Hartford Casualty Insurance Company

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SBA CONSULTING SERVICES, INC.,<br><br>Defendant. | CASE NO.: 2:10-cv-00914-RLH-RJJ<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, and DECISION** |

This matter came before the Court on Plaintiff Hartford Casualty Insurance Company's (hereinafter "Hartford") motion for Default Judgment (Dkt. #17, hereinafter the "Motion"). The default was entered on December 21, 2010 (Dkt. 16).  The Court having considered the papers submitted in support of the Motion and other relevant pleadings in this matter and now makes the following ruling:

////

////

FINDINGS OF FACT

1. Plaintiff Hartford Casualty Insurance Company is an insurance company organized and existing under the laws of the State of Indiana, with its statutory home office and principal place of business in Hartford, Connecticut.

2. Defendant SBA Consulting Services, Inc. ("SBA Consulting") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

3. This declaratory judgment action is brought pursuant to 28 US.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. An actual justiciable controversy exists among plaintiff The Hartford Fire and defendant SBA Consulting within the meaning of 28 US.C. § 2201 regarding the scope and extent of insurance coverage provided under the Hartford Policy, as more particularly described below.

5. This action addresses insurance coverage for the claims in the Underlying Lawsuit, a purported class action lawsuit brought by Robert Williams and others against SBA Consulting, alleging among other things violations of the Revised Code of Washington ("RCW") §80.36.400 and the Washington Consumer and Media Act, RCW §19.86.

6. The underlying lawsuit was filed on or about February 5, 2009, in the Superior Court of King County, Washington, and is entitled *Robert Williams, a sole proprietorship doing business as Mail Masters; Ed Hartman, a sole proprietorship doing business as Olympic Marimba Records, Ed Hartman Percussion Studio and The Drum Exchange; Angela Lenz, a sole proprietorship doing business as Tails-A-Wagging; and Woodruff & Associates, LLC v. SBA Consulting Services, Inc.,* Case Number 10-206288-2 (SEA) (hereinafter the "Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit was attached to the Amended Complaint in this action as Exhibit 1. (Doc. 8, Am. Compl. Ex. 1).

7. In the complaint in the Underlying Lawsuit, the plaintiffs allege that SBA Consulting placed commercial telephone calls to the plaintiffs "on several occasions in October and November, 2009" and thereafter, including October 29, 2009, November 2 and 3, 2009, and on January 20, 2010. (*Id.*)

8. The complaint in the Underlying Lawsuit alleges on information and belief that SBA Consulting placed more than 100 substantially similar telephone calls to business telephones in Washington State. (*Id.*)

9. The complaint in the Underlying Lawsuit further alleges that all of SBA Consulting's commercial telephone calls consisted of a prerecorded message delivered by an automatic dialing and announcing device ("ADAD"), in violation of RCW 80.36.400 and RCW 19.86.

10. The complaint in the Underlying Lawsuit seeks to certify a class of all Washington businesses who received a pre-recorded telephone message from SBA Consulting sent by an ADAD for commercial solicitation purposes at any time for the period that begins 4 years from the date of the complaint until trial.

11. The complaint in the Underlying Lawsuit seeks equitable and injunctive relief, statutory damages and actual damages.

12. Hartford Casualty Insurance Company issued to SBA Consulting a primary general liability insurance policy, Policy Number 53 SBA 106842, with effective dates of 9/18/09 through 9/18/10 (hereinafter the "Hartford Policy"). (*See* Doc. 8, Am. Compl., Ex. 2, Policy).

13. Coverage was provided pursuant to the Business Liability Coverage Form SS 00 08 04 05 with limits of $1,000,000 per occurrence and $2,000,000 aggregate.

14. There exists a genuine and bona fide dispute, and an actual controversy and disagreement between The Hartford and SBA Consulting concerning whether the Hartford Policy provides coverage for the Underlying Lawsuit.

<u>CONCLUSIONS OF LAW</u>

15. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states. *See Budget Rent-A-Car, Inc. v. Higashiguchi,* 109 F.3d 1471, 1473 (9th Cir. 1997) ("the amount in controversy is the value of the underlying potential tort action").

1  16. The Court also has jurisdiction pursuant to 28 U.S.C. 1331 because it is brought pursuant to federal law.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because the Defendant resides in this District.

18. Entry of default judgment is governed by Fed. R. Civ. P. 55.  Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a) and 54(c).[1]

19. The Defendant's default was properly entered.

20. Because Plaintiff does not request relief that differs from or exceeds that prayed for in the First Amended Complaint, the application for default judgment complies with Fed. R. Civ. P. 54(c).  *See Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 499 (C.D. Cal. 2003).

21. The Ninth Circuit holds that a district court may consider the following factors, the "Eitel factors", in exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**(1) Plaintiff would suffer prejudice if the Default Judgment is not granted.**

22. The first *Eitel* factor considers whether Plaintiff will suffer prejudice if the Court does not enter default judgment against the Defendant.  *See PepsiCo., Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2202).  The Court finds that if it does not enter default judgment, Plaintiff would be without other recourse for recovery and thus will suffer prejudice by having to defend and potentially pay an award for a lawsuit unnecessarily.

23. Default Judgment is required to avoid the continued unnecessary expenditure of judicial and party resources.

////

---

[1] *See generally Koninklijke Philips Electronics N.V. v. KXD Technology, Inc.,* F.Supp.2d, 2008 WL 2699701 (D.Nev. July 2, 2008) (Chief Judge Roger L. Hunt).

**(2 & 3) Plaintiff properly pled the elements for Declaratory Judgment.**

24. The next two *Eitel* factors require a plaintiff to state a claim on which the plaintiff may recover. *Philip Morris USA,* 219 F.R.D. at 499 (citation omitted).

25. A defendant's liability is deemed established upon default, and all findings of facts necessary to support liability are accepted as true. *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir. 1990); *see also Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

26. In this case, Plaintiff has adequately pled its claim for Declaratory Judgment against the Defendant.

27. The interpretation of this insurance policy contract is a matter of law. *See Klaus Englert Ing. v. Equipment Management Technology,* Slip Copy, 2010 WL 3271745 (Nev. July 6, 2010).

28. The Plaintiff has presented the complaint in the Underlying Lawsuit to the Court in conjunction with the Hartford Policy, and identified the relevant coverages and exclusions for the Court.

29. The cause of action for Declaratory Judgment has therefore been properly pled and the pleading requirements have been met to give the requested relief pursuant to Fed. R. Civ. P. 55 & 57.

**(4) Plaintiff is entitled to declaratory judgment.**

30. Pursuant to the fourth *Eitel* factor, the Court must consider the amount at stake in the action.

31. This is a declaratory judgment action and therefore technically the key issues on this factor do not concern an amount in controversy but strictly concern whether there is coverage for the events alleged in the Underlying Lawsuit under the Hartford Policy.

32. However, in declaratory judgment actions, the amount in controversy may also be considered "the value of the underlying potential tort action." *Budget Rent-A-Car, Inc. v. Higashiguchi,* 109 F.3d 1471, 1473 (9th Cir. 1997).

33. Because the Underlying Lawsuit's complaint is on the Court record, and the Hartford Policy is on the record, the Court is able to determine, and finds accordingly, that this *Eitel* factor weighs in favor of Plaintiff because there is no coverage for the actions alleged in the complaint of the Underlying Lawsuit.

**(5) There is no notable possibility of dispute of material facts.**

34. The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case.  Philip Morris USA, 219 F.R.D. at 500.

35. The Court has no reservations about the merits of Plaintiff's substantive claims for Declaratory Judgment based upon the pleadings and exhibits to the first amended complaint submitted to the Court.

36. The interpretation of this insurance policy contract is a matter of law. *See Klaus Englert Ing. v. Equipment Management Technology,* Slip Copy, 2010 WL 3271745 (Nev. July 6, 2010).

37. Plaintiff has provided the relevant pleadings from the Underlying Lawsuit and the relevant Hartford Policy, therefore, the Court can determine that there is no coverage under the Hartford Policy for the actions alleged in the Underlying Lawsuit.

**(6) Excusable neglect.**

38. The sixth *Eitel* factor considers the possibility that default resulted from excusable neglect.

39. The Court finds that the Plaintiff's original Complaint and Amended Complaint were properly served (*See* Docs. 10, 14, and 18, returned and executed Summons).

40. The Summonses, Complaint, and Amended Complaint were all served in October.  (*Id.*)

41. The Defendant has made no appearance, and no apparent effort to defend in this action, and therefore entry of default and default judgment are both proper under the Federal Rules of Civil Procedure.

42. There is no evidence that Defendant's failure to defend results from excusable neglect.

1     **(7) Policy favoring decision on the merits.**

2     43.    This is a declaratory judgment action involving the interpretation of a contract as a matter of law.

4     44.    The Court can view the allegations in the Underlying Lawsuit and thereby determine whether the declaratory relief sought by the Plaintiff is proper in light of the Hartford Policy as a matter of law.

    **Plaintiff is therefore entitled to the requested relief.**

45.    There is no "property damage" coverage under the Hartford Policy with regard to the Underlying Lawsuit because there is no alleged "property damage."

46.    There is no "property damage" coverage under the Hartford Policy with regard to the Underlying Lawsuit because there is no alleged "occurrence" of "property damage."

47.    There is no "property damage" coverage under the Hartford Policy with regard to the Underlying Lawsuit to the extent that prior to the policy period SBA Consulting knew that "property damage" had occurred in whole or in part.

48.    Any coverage for "property damage" in the Hartford Policy is excluded by the exclusion for "property damage" that is "expected or intended from the standpoint of the insured."

49.    That there is no "personal and advertising injury" coverage under the Hartford Policy with regard to the Underlying Lawsuit because there is no alleged "personal and advertising injury."

50.    Any coverage for "personal and advertising injury" in the Hartford Policy is excluded by the exclusion for "personal and advertising injury" that is "committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

51.    Any coverage for "personal and advertising injury" in the Hartford Policy is excluded by the exclusion for "'personal and advertising injury' arising out of the violation of a person's right of privacy created by any state or federal act."

52.    Any coverage for "property damage" or "personal and advertising injury" in the Hartford Policy is excluded by the exclusion for "Violation of Statutes that Govern E-Mails,

1  Fax, Phone Calls or other Methods of Sending Material or Information."

2  53.    There is no coverage under any other insuring provision in the Hartford Policy
3  with regard to the Underlying Lawsuit.

4  54.    There is no coverage under the Hartford Policy for any claims for equitable or
5  injunctive relief, because such claims do not constitute "damages."

6  55.    Any conclusion of law which is more properly considered a finding f fact, and
7  any finding of fact which is more properly considered a conclusion of law, shall be considered as
8  such.

## DECISION

Based upon the foregoing, it is the Decision of the Court that Plaintiff Hartford Casualty Insurance Company have Judgment against Defendant SBA Consulting Services, Inc. as follows:

The Court DECLARES that the Hartford Policy does not provide coverage for SBA Consulting for any of the claims in the Underlying Lawsuit, including the claims for alleged violations of RCW §80.36.400 and the Washington Consumer and Media Act, RCW §19.86.

The Court FURTHER DECLARES that there is no duty to defend SBA Consulting in the Underlying Lawsuit under the Hartford Policy.

The Court FURTHER DECLARES that there is no duty to indemnify SBA Consulting in the Underlying Lawsuit under the Hartford Policy.

Dated  January 25, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**

- 8 -